# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| KYLE HENDRON, | ) |
| Plaintiffs, | ) |
| v. | )    12-CV-3328 |
| S. HOUGAS, et al., | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this

Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

Plaintiff alleges that, on August 21, 2012 he was brought to a meeting to attempt to resolve a grievance Plaintiff had filed.  The conversation did not go well—Defendant Bierman allegedly repeatedly interrupted Plaintiff, telling Plaintiff that Bierman's staff could do anything they pleased and calling Plaintiff derogatory names.

Plaintiff was allegedly forcefully dragged from the meeting.  Though Plaintiff was not resisting, he was kneed in the head, yanked, shoved, dragged down the hall, and his head was slammed into the wall several times.  Plaintiff's requests to see a doctor were denied for over a month.

## ANALYSIS

Plaintiff's claims arise under the Fourteenth Amendment's due process clause, not the Eighth Amendment's prohibition against cruel and unusual punishment.  The exact legal standard for an excessive force claim under the due process clause is subject to reasonable debate.  See Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010)("The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the

Eighth Amendment's ban on cruel and unusual punishment."); Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection" than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . ."). However, the debate is irrelevant at this point, since Plaintiff clearly states an excessive force claim under even the Eighth Amendment. *See* Hudson v. McMillian, 503 U.S. 1, 5 (1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline."). Plaintiff also states an arguable claim against Defendants for deliberate indifference to Plaintiff's serious medical needs by allegedly interfering with Plaintiff's access to a physician, as well as a failure to intervene claim against the Defendants who witnessed yet failed to stop the excessive force.

IT IS THEREFORE ORDERED:

    1) The hearing scheduled for January 14, 2013, is cancelled. The clerk is directed to notify Plaintiff's detention facility of the cancellation.

    2) Pursuant to its review of the Complaint, the Court finds that Plaintiff states the following federal claims: excessive force, failure to intervene, and deliberate indifference to serious medical needs. Plaintiff's petition to proceed in

forma pauperis is accordingly granted (d/e 2). This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    3) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

    4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall

be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 15, 2013 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by video conference.  The conference will be cancelled if all Defendants have been served and no pending issues need discussion.  Accordingly, no writ shall issue to secure Plaintiff's presence at the conference unless directed by the Court in a separate order.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the court of any change in their mailing addresses and telephone numbers. Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: January 2, 2013

FOR THE COURT:

                                                 S/ Sue E. Myerscough

                                                 SUE E. MYERSCOUGH
                                                 UNITED STATES DISTRICT JUDGE